**UNITED STATES of America,**

v.

**Frederick H. BANKS, Appellant.**

No. 09–3168.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and Consideration of

Whether a Certificate of Appealability is Required Oct. 30, 2009.

Opinion filed: Nov. 12, 2009.

Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Frederick H. Banks, Yazoo City, MS, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Frederick H. Banks, a federal inmate, appeals from the denial of his motion titled, "Motion to Recuse Nora Barry Fischer from Hearing Motion to Vacate; Motion to Vacate, Set Aside, and Correct Sentence under 28 U.S.C. § 2255; Motion to Modify Sentence for Clear Error 18 U.S.C. § 3582(c)(1)(b)." (District Court Docket No. 459). By Order entered July 14, 2009, the District Court denied the request for recusal, explained that Banks's motion is procedurally improper to the extent that

Banks seeks to initiate a civil action against numerous purported defendants, and denied collateral relief to the extent that Banks sought to file a second or successive 28 U.S.C. § 2255 motion without having first securing permission from this Court to do so.

The District Court thereafter received Banks's "Reply" to the government's response in opposition to his motion. By Order entered July 20, 2009, the District Court denied Banks's reply as moot given that the Court had already denied the underlying motion. To the extent that Banks's "Reply" could be viewed as a motion for reconsideration of the July 14 Order, the District Court denied reconsideration. Banks timely filed this appeal.

This Court has appellate jurisdiction under 28 U.S.C. § 1291. After a careful review of the record, we will summarily affirm the District Court's judgment in accordance with Third Circuit Internal Operating Procedure Chapter 10.6.[1]

The record reflects that a jury in the Western District of Pennsylvania convicted Banks in 2004 of mail fraud, criminal copyright infringement, money laundering, uttering and possessing counterfeit or forged securities, and witness tampering. The District Court sentenced Banks to sixty months of imprisonment plus three years of supervised release. This Court affirmed, *see United States v. Vampire Nation*, 451 F.3d 189 (3d Cir.2006), and the United States Supreme Court denied certiorari review. The District Court denied Banks's first 28 U.S.C. § 2255 motion on the merits, and in December 2007, this Court denied Banks a certificate of appealability. *See* C.A. No. 06–3671.

■ Banks has continued to file numerous motions in the District Court, including the motion that is the subject of the present appeal. The District Court was correct that, insofar as Banks sought to initiate a civil lawsuit through the filing of another § 2255 motion, his filing was procedurally improper. Banks, an experienced pro se litigant, is no doubt aware of the manner in which to commence a civil proceeding in federal court, and the District Court committed no error in its refusal to allow Banks to pursue civil claims in connection with the post-conviction review of his criminal conviction.

Insofar as Banks sought to style his § 2255 filing as a civil suit so that he could name Judge Fischer as a defendant and seek recusal, that action was patently improper. Indeed, other than merely naming Judge Fischer in his proposed civil action, Banks offered no allegation at all to question Judge Fischer's impartiality in presiding over these post-conviction proceedings. The District Court correctly denied recusal.

■ Finally, as the District Court has advised Banks previously, he must obtain authorization from this Court before he can proceed with a "second or successive" § 2255 attack. *See* 28 U.S.C. § 2244; *United States v. Miller*, 197 F.3d 644, 649 (3d Cir.1999). Banks's various arguments based on his alleged status as a Lakota Sioux Indian do not exempt him from having to comply with the law governing the filing of second or successive § 2255 motions. Accordingly, the District Court did not err in refusing to consider the unauthorized § 2255 motion. The District Court likewise committed no error in denying reconsideration insofar as Banks's

---

1. To the extent that Banks needs a certificate of appealability to pursue this appeal, it is denied. Reasonable jurists could not debate the District Court's stated reasons for denying

Banks's motion. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

"Reply" was liberally construed as a motion for reconsideration of the July 14 Order; Banks offered no viable ground upon which the District Court could have reconsidered its refusal to entertain his motion.

In sum, because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, the District Court's judgment will be affirmed.